[Cite as *State v. Lumbus*, 2014-Ohio-3821.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 100787**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## BRIAN LUMBUS, JR.

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-11-556136-A

**BEFORE:** Stewart, J., Blackmon, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** September 4, 2014

**FOR APPELLANT**

Brian Lumbus, pro se
Inmate No. 210921
Cuyahoga County Jail
P.O. Box 5600
Cleveland, OH    44101


**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender

BY:    Erika B. Cunliffe
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, OH    44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    James D. May
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 9th Floor
Cleveland, OH    44113

MELODY J. STEWART, J.:

{¶1} In *State v. Lumbus*, 8th Dist. Cuyahoga No. 99301, 2013-Ohio-4592, this court held that the trial court erred by giving defendant-appellant Brian Lumbus, Jr., a sentence that exceeded the three-year sentence that he and the state agreed to as part of a plea bargain. In remanding the case, we ordered the court to "either impose the agreed three-year sentence or allow Lumbus to withdraw his guilty plea." *Id*. at ¶ 52. On remand, the court refused to allow Lumbus to withdraw his guilty plea and ordered him to serve a total of three years. On appeal from that sentence, Lumbus argues that the court erred by refusing to allow him to withdraw his guilty plea.

{¶2} Lumbus argues that despite the phrasing of our remand, we nonetheless held that he had a "reasonable expectation that he would be given a three-year sentence as part of his plea," so the court's refusal to impose that sentence meant that "Lumbus could not have voluntarily, knowingly, or intelligently entered his plea." *Id*. at ¶ 50. This conclusion, he argues, should have required the court to grant the motion to vacate the guilty plea.

{¶3} To put Lumbus's argument in perspective, we need to examine the basis for the prior reversal. When this court held that the plea was rendered involuntary, unknowing, or unintelligent, it was because Lumbus agreed to plead guilty under sentencing terms that were material to his agreement to enter into the plea. *Lumbus* at ¶ 42. A plea agreement is a form of contract between the defendant and the state, *State v. Dye*, 127 Ohio St.3d 357, 2010-Ohio-5728, 939 N.E.2d 1217, ¶ 21, so any alteration to

the terms that induced Lumbus to plead guilty affected the voluntary nature of the agreement.

**{¶4}** We should be clear that the trial judge was not a party to the plea agreement and thus not bound by its terms — it had broad discretion to sentence Lumbus within the applicable statutory range. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 100. However, once the court became aware that Lumbus entered into a plea agreement with expectations regarding his sentence, it was obligated to inform Lumbus *prior* to accepting the plea that it would not be bound by any sentencing agreement between the parties. *Lumbus* at ¶ 43. Had the court done so, Lumbus would have had the choice of refusing to plead guilty or taking a chance that the court would impose a sentence consistent with the expectations of the parties. Either way, Lumbus would have entered his guilty plea knowingly and intelligently.

**{¶5}** The effect of our mandate from the first appeal — to require specific performance of the plea agreement or to vacate the guilty plea — allowed the trial court to select between two mutually-exclusive alternatives. However, the court could only impose a three-year sentence (a form of specific performance) on a valid guilty plea. Our prior decision specifically found that Lumbus's guilty plea was unknowing and involuntary at the time it was entered because the court did not inform him prior to accepting the plea that it would not be bound by any sentencing agreement between the parties. Imposing a three-year sentence could not make an invalid plea valid.

**{¶6}** Despite giving the trial court two options, our decision was a mandate that the court was not free to ignore. Under the "mandate rule," a lower court must "carry the mandate of the upper court into execution and not consider the questions which the mandate laid to rest." *Sprague v. Ticonic Natl. Bank*, 307 U.S. 161, 168, 59 S.Ct. 777, 83 L.Ed. 1184 (1939). When the mandate on appeal leaves nothing left to decide, the lower court is bound to execute it. *State v. Carlisle*, 8th Dist. Cuyahoga No. 93266, 2010-Ohio-3407, ¶ 16.

**{¶7}** Lumbus argued on remand that our mandate in the first appeal gave "him the option to either accept the three-year sentence, specific performance on the original sentence to which he pled guilty, or to vacate his guilty plea and proceed to trial." *See* tr. 12. The court properly rejected that argument because our mandate very clearly gave the court, not Lumbus, the discretion to exercise the stated options. Lumbus did not challenge our mandate by way of a motion for reconsideration or appeal to the Ohio Supreme Court, so the mandate stands. The court imposed a three-year sentence consistent with our mandate to either impose sentence or permit Lumbus to withdraw his guilty plea. We cannot find that the court erred by complying with our mandate. The assigned error is overruled.

**{¶8}** Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.   The defendant's conviction having been affirmed, any bail pending appeal is terminated.   Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

___
MELODY J. STEWART, JUDGE

PATRICIA ANN BLACKMON, P.J., and
TIM McCORMACK, J., CONCUR